# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO. 305-04423-MH3-7 |
| CHRISTOPHER ROBERT | ) |
| ESPANDER, | ) JUDGE MARIAN F. HARRISON |
| | ) |
| Debtor. | ) |
| | ) |
| MICHAEL GIGANDET, TRUSTEE, | ) ADV. NO. 307-0039A |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC.; | ) |
| JP MORGAN CHASE BANK, as | ) |
| Trustee for MORTGAGE | ) |
| ELECTRONIC SYSTEMS, INC.; AND | ) |
| SCHALLEN, INC., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| AND | ) |
| | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATIONS SYSTEMS, INC.; | ) |
| JP MORGAN CHASE BANK as | ) |
| Trustee for MORTGAGE | ) |
| ELECTRONIC SYSTEMS, INC.; AND | ) |
| SCHALLEN, INC., | ) |
| | ) |
| Third-Party Plaintiffs, | ) |

|                                                                  | )  |
|------------------------------------------------------------------|----|
| vs.                                                              | )  |
|                                                                  | )  |
| **VICTORY HOME BUILDERS, LLC.;**                                 | )  |
| **AND SUPERIOR TITLE COMPANY,**                                  | )  |
| **INC.,**                                                        | )  |
|                                                                  | )  |
| **Third- Party Defendants,**                                     | )  |
|                                                                  | )  |
| **A. MICHAEL WILSON,**                                           | )  |
|                                                                  | )  |
| **Plaintiff Intervenor,**                                        | )  |
|                                                                  | )  |
| vs.                                                              | )  |
|                                                                  | )  |
| **MICHAEL GIGANDET, Trustee;**                                   | )  |
| **MORTGAGE ELECTRONIC**                                          | )  |
| **REGISTRATION SYSTEMS, INC.;**                                  | )  |
| **JP MORGAN CHASE BANK, as**                                     | )  |
| **Trustee for MORTGAGE**                                         | )  |
| **ELECTRONIC REGISTRATIONS**                                     | )  |
| **SYSTEMS, INC.; SCHALLEN, INC.;**                               | )  |
| **AND VICTORY HOME BUILDERS,**                                   | )  |
| **LLC., AND MORRIS, SCHNEIDER &**                                | )  |
| **PRIOR, L.L.C.,**                                               | )  |
|                                                                  | )  |
| **Intervention Defendants.**                                     | )  |
|                                                                  | )  |

_____

## MEMORANDUM OPINION
_____


On December 10, 2008, the Court heard argument on five matters: (1) the Trustee's

motion for partial summary judgment, which was taken under advisement; (2) A. Michael

Wilson's (hereinafter "Mr. Wilson") supplemental memorandum in support of his motion to

alter or amend the previous denial of partial summary judgment, which was taken under advisement; (3) the Trustee's motion to strike Victory Home Builders, LLC's (hereinafter "Victory Home Builders") § 549 defense, which was granted to the extent necessary; (4) the Trustee's motion for authorization to provide a corrected Trustee's Deed to Mr. Wilson, which was taken under advisement; and (5) the Trustee's motion to compel the production of a privilege log, which was ruled on during argument. Accordingly, the matters remaining for decision are: (1) the Trustee's motion for partial summary judgment; (2) Mr. Wilson's supplemental memorandum in support of his motion to alter or amend; and (3) the Trustee's motion for authorization to provide a corrected Trustee's Deed to Mr. Wilson.

For the following reasons, the Court finds that the Trustee's motion for partial summary judgment should be granted and that the other remaining motions should be denied.

## I. PROCEDURAL BACKGROUND

Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), filed a motion for relief on April 19, 2005, to which the Trustee objected. The motion sought relief from the automatic stay as to real property located at 838-840 Sutton Hill Road, Nashville, Tennessee 37204. On May 24, 2005, the parties announced an agreed order.

Thereafter, on August 17, 2005, the Trustee filed a motion and notice to sell the unimproved lot located at 838 Sutton Hill Road.[1] Responses were due by September 7, 2005, and none were filed. Accordingly, the Trustee submitted an order granting the motion to sell. The Court entered the order on September 14, 2005. The order granted the Trustee's request for authority to sell the property at public auction with "any valid and proper lien [attaching] to the proceeds of the sale." The date of the auction, as set forth in the Trustee's motion to sell, was September 22, 2005.

It was only after the Court granted the Trustee the authority to sell the unimproved lot located at 838 Sutton Hill Road and after the proposed date of the auction had passed that counsel for MERS submitted the agreed order granting relief from the automatic stay. This order was entered by the Court on October 6, 2005, and stated the following:

> This cause is before this Honorable Court upon the Motion by Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "Movant"), by and through counsel, a secured creditor of the Debtor, for Relief From the Automatic Stay and Abandonment of Property by Trustee as to the property located at 838-840 Sutton Hill Road, Nashville, TN 37204, the improved property recorded in Davidson County, Tennessee, on February 13, 2003, # 20030213-0019721.

MERS held a foreclosure sale on December 1, 2005, on both the improved and the unimproved property.

---

[1] The footage of the unimproved property was wrong in the motion to sell and in the subsequent order granting relief.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056, provides that summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

## III. DISCUSSION

First, the Court considers the Trustee's motion for partial summary judgment. The Trustee asserts that as a matter of law, the attempt to foreclose on the property of the estate was a violation of the automatic stay and a breach of the creditor's agreement with the Trustee, who had already sold the real estate. Thus, the Trustee submits that as a matter of law, the mortgage foreclosure sale was in violation of the automatic stay and is void ab initio.

When this case was initially heard on summary judgment in 2007, the Court denied the Trustee's motion and scheduled an evidentiary hearing in November on the parties' intent with regard to the agreed order granting MERS relief from the automatic stay. Prior to the evidentiary hearing, MERS conceded that pursuant to the agreed order of relief, the estate retained the unimproved lot at 838 Sutton Hill Road as property of the estate and that it had relief from the stay as to the improved lot at 840 Sutton Hill Road only. On January 8, 2008, the Court entered an order to that effect, and no objections to the language of the order were

5 - U.S. Bankruptcy Court, M.D. Tenn.

filed. As it turns out, MERS' valid security interest may have been in the unimproved lot rather than in the improved lot. Based on this information, MERS and the other defendants argue that there is a factual dispute as to whether the sale of the unimproved lot was actually a violation of the automatic stay.

The Court disagrees with this argument and finds that there is no material dispute of fact as to whether MERS violated the automatic stay.

It is generally recognized that unfortunate consequences may follow when a creditor sits idly by during a bankruptcy case and fails to protect its rights. *See, e.g., Andersen v. UNIPAC-NEBHELP (In re Andersen),* 179 F.3d 1253, 1257 (10th Cir. 1999) ("creditor cannot simply sit on its rights and expect that the bankruptcy court or trustee will assume the duty of protecting its interests"); *In re Pence*, 905 F.2d 1107, 1109 (7th Cir. 1990) ("[Creditor] was not entitled to stick its head in the sand and pretend it would not lose any rights by not participating in the proceedings."); *In re Szostek*, 886 F.2d 1405, 1414 (3rd Cir. 1989) (creditors must take an active role in protecting their rights) (citation omitted).

In the present case, MERS agreed as to which property was property of the estate and upon which property MERS was entitled to relief. MERS also had notice of the Trustee's motion to sell the unimproved property, and did not file a written objection to the motion to sell or appear in Court to orally object. While this case is wrought with errors, MERS had

6 - U.S. Bankruptcy Court, M.D. Tenn.

a responsibility to protect its own interests, it had more than one opportunity to protect its own interests, and it sat on its hands and did nothing. MERS argues that while original counsel may have understood and agreed to the distribution of the two properties, MERS did not. This is irrelevant. MERS "voluntarily chose this attorney as [its] representative in the action, and [it] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (citation omitted).

Because MERS failed to do anything to protect any interest it might have had in the unimproved property, this property became property of the estate, and thus, the attempted foreclosure sale of this property was in violation of the automatic stay and void ab initio absent limited equitable circumstances, which are not applicable here. *See In re Hamby*, 360 B.R. 657, 660 (E.D. Tenn. 2007). Accordingly, the Court finds that MERS violated the automatic stay and that the foreclosure sale was void ab initio. Thus, the Trustee's motion for partial summary judgment should be granted.

However, this does not mean that Mr. Wilson is entitled to a corrected Trustee's Deed or that he should be declared the owner of the unimproved lot at this time. Instead, the Court finds that material facts are in dispute regarding these issues, including but not limited to the

appropriate relief and whether Victory Home Builders is a subsequent transferee under 11 U.S.C. § 550(b)(1). Accordingly, the Trustee's motion for authorization to provide Mr. Wilson with a corrected Trustee's Deed and Mr. Wilson's motion to alter or amend the denial of his motion for summary judgment should be denied at this time.

## IV. <u>CONCLUSION</u>

Accordingly, the Court finds that (1) the Trustee's motion for partial summary judgment should be granted; (2) Mr. Wilson's motion to alter or amend should be denied; and (3) the Trustee's motion for authorization to provide a corrected Trustee's Deed to Mr. Wilson should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.